IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:95CR146-7 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| JOSE DELTORO-AGUILERA, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

    This case was originally assigned to Judge Shanahan. It is has now been assigned to me given Judge Shanahan's retirement. (Filing 499.) Proceeding pro se, the defendant has filed a "motion for the entry of judgment in separate document pursuant to Fed. R. Civ. P. 58(a)(d) in regard to order denying motion 28 U.S.C. § 2255." (Filing 500.) The motion raises interesting questions for which I will seek the advice of the United States Attorney. I will also give the defendant a chance to respond.

    The docket sheet indicates that Judge Shanahan sentenced the defendant to life in prison on December 19, 1996. (Filing 310.) The Court of Appeals affirmed the conviction, but reversed the sentence. (Filing 369.) On remand, Judge Shanahan sentenced the defendant to 324 months in prison. (Filing 383.) That sentence was affirmed and the mandate was filed on January 28, 1999. (Filing 397.)

    On December 9, 1999, the defendant filed a motion for relief under 28 U.S.C. § 2255. (Filing 408.) That motion was referred to a magistrate judge, and a magistrate judge issued a report and recommendation on February 2, 2000, recommending that the motion be denied. (Filing 412.) Judge Shanahan adopted the report and recommendation and denied the motion on February 22, 2000. (Filing 415.) It does not appear that a separate judgment was entered.

It is unclear whether a notice of appeal was filed, but a variety of filings suggest that an appeal was in fact taken. For example, a mandate from the Court of Appeals appears on the docket sheet. (Filing 426.) That docket entry, dated October 1, 2001, states that "this appeal is dismissed for failure to prosecute as to defendant Jose Deltoro-Aguilera." (Filing 426.)

The defendant seeks the entry of a separate judgment regarding the denial of his section 2255 motion. Presumably, the defendant believes that if a separate judgment is now entered he can perfect an appeal from the denial of his motion which took place on February 22, 2000 even though he may have appealed once already.

There seems to a split in the Courts of Appeal about whether a decision denying a section 2255 motion requires a separate judgment. *Compare*, *e.g.*, *Williams v. United States*, 984 F.2d 28 (2nd Cir. 1993) (a separate judgment is not required) *with United States v. Fiorelli*, 337 F.3d 282 (3rd Cir. 2003) (a separate judgment is required and collecting cases). In at least one case, it is worth noting that the government has agreed that separate judgment is required. *See United States v. Johnson*, 254 F.3d 279, 283 (D.C. Cir. 2001) (requiring a separate judgment). My cursory research does not reveal whether the Eighth Circuit Court of Appeals has addressed this question.

There are at least two questions that I need help on. First, is a separate judgment required for the denial of 2255 motions in the Eighth Circuit? Second, did the defendant appeal the denial of his section 2255 motion, and, if so, what impact does that appeal have on the defendant's pending motion? With the foregoing in mind,

IT IS ORDERED that:

1.	The United States Attorney for the District of Nebraska or one of his assistants shall file a brief stating the government's position regarding the defendant's motion (filing 500) for entry of a separate judgment.  To assist the Clerk, I note that Maria R. Moran appears to have been the assistant that handled this case originally.

2.	The government's brief shall be filed not later than 5:00 P.M. on May 12, 2008.

3.	The defendant may file a responsive brief not later than 5:00 P.M. on May 27, 2008.

4.	My chambers shall call this matter to my attention on May 28, 2008.

5.	The Clerk shall provide the defendant with a copy of this memorandum and order at his last known address.  (*See* filing 500 at CM/ECF pp. 4-5.)  The defendant is reminded that he must keep the Clerk advised of his current mailing address.

April 21, 2008.	BY THE COURT:

	*s/Richard G. Kopf*
	United States District Judge