IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:95CR146-7 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| JOSE DEL TORO-AGUILERA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's notice of appeal (filing 519) and motion for certificate of appealability (filing 520). The clerk of the court has also issued a memo (filing 522) asking me whether the defendant may proceed in forma pauperis and whether a certificate of appealability will issue.

The defendant's notice of appeal is filed with reference to a judgment that I entered on September 15, 2008 (filing 512), denying and dismissing with prejudice the defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (filing 408).[1] Pursuant to Federal Rule of Civil Procedure 58, the judgment finalizes a memorandum and order that was entered by District Judge Thomas M. Shanahan on February 22, 2000 (filing 415), denying the defendant's § 2255 motion. *See* the court's memorandum and order entered on September 15, 2008 (filing 511).

Before the defendant's appeal can proceed, a certificate of appealability must issue. *See* Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has rejected a constitutional claim on the

---

[1] The defendant's § 2255 motion predated the court's Case Management/ Electronic Case Files (CM/ECF) System, which was implemented in October 2002.

merits in the course of denying a § 2255 motion, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" in order to meet the standard contained in § 2253(c). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In contrast, when a district court denies a § 2255 motion on procedural grounds without reaching the applicant's underlying constitutional claims on the merits, a certificate of appealability should issue under § 2253(c) when "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

The defendant states that the appeal will be limited to a claim that he was denied effective assistance of counsel because his attorney "failed to advise him of the possibility of safety valve eligibility under the United States Sentencing Guidelines." (Filing 521, p. 2.) Judge Shanahan rejected this claim by finding that "the defendant was not eligible for safety valve relief.  He consistently denied participation in, and knowledge of, the methamphetamine conspiracy, and he provided no information or evidence to the government concerning the offenses charged in the indictment."  (Filing 415, p. 3.) A similar finding was made by Magistrate Judge Thomas D. Thalken in a report and recommendation (filing 412) that was adopted by Judge Shanahan.  The defendant argues, however, that had he been properly advised by his attorney prior to sentencing, "he would have given a truthful statement of his involvement to authorities so that he would have qualified for the two guideline level reduction permitted pursuant to U.S.S.G. §§ 2D1.1(b)(11) and 5C1.2." (Filing 521, p. 2.) The defendant also declared under penalty of perjury in his § 2255 motion that counsel "did not advise me to be debriefed by the government so that I could satisfy the requirements for the 'safety valve'[.]" (Filing 408, p. 5.)  Upon review of the file, I conclude that the defendant has made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c), such that a certificate of appealability should be issued on this single claim of ineffective assistance of counsel.

The defendant was determined to be financially unable to obtain an adequate defense in his criminal case, and an attorney was appointed to represent him at trial. Because the appeal appears to be taken in good faith, the defendant may proceed in forma pauperis on appeal pursuant to Federal Rule of Appellate Procedure 24(a)(3).

IT IS ORDERED that:

1. The defendant's motion for certificate of appealability (filing 520) is granted, and a certificate of appealability is hereby issued on the claim that the defendant was denied effective assistance of counsel because his attorney failed to advise him of the possibility of safety valve eligibility under the United States Sentencing Guidelines.

2. The defendant may proceed in forma pauperis on appeal.

3. The clerk of the court shall process the defendant's notice of appeal (filing 519) and shall transmit a copy of this memorandum and order to the United States Court of Appeals for the Eighth Circuit.

December 1, 2008.                BY THE COURT:

                                 s/ *Richard G. Kopf*
                                 United States District Judge